IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FLATO, § | | |
|     Movant, § | | |
| § | | |
| v. § | | No. 3:16-CV-2819-M-BT |
| § | | (3:13-CR-358-M (1)) |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Movant John Flato, a federal prisoner, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred this resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Flato's claims that his counsel provided ineffective assistance.

### I.     BACKGROUND

Flato was charged in a one-count indictment of theft of government property—namely, "$1,056.00 worth or postage stamps"—in violation of 18 U.S.C. § 641. *See United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 1. Specifically, the government alleged that Flato wrote checks that he knew were worthless to pay for U.S. postage, which he later sold for cash. *See United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 12.

Flato pleaded guilty to the indictment without signing the government's standard plea agreement. *See United States v. Flato*, No. 3:13-cr-358-M (1) (N.D.

Tex.), Dkt. No. 18; *see also United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 12 at 5 (indicating Flato's understanding that "he is not signing [the] government-supplied plea papers at this time."). Flato's Presentence Report ("PSR") calculated his sentence under the Guidelines as 37 to 46 months' imprisonment. *See United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 30 at 20. The PSR also noted that the maximum penalty under the statute was ten years in prison, and that Flato qualified for an upward departure because of his extensive criminal history. *See id.* at 20, 22.

At sentencing, Flato's counsel argued to the Court that his extensive history of mental illness should weigh against imposing a lengthy prison sentence. *See United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 46 at 5-10. The government also recommended that the Court impose a sentence within the range proposed by the Guidelines. *See id.* at 13. The Court, citing Flato's extensive criminal history, disagreed with the parties' recommendations and sentenced Flato to prison for 72 months. *See id.* at 15.

After an unsuccessful direct appeal, *United States v. Flato*, 619 F. App'x 369 (5th Cir. 2016), Flato filed this Section 2255 motion. He argues that his counsel was ineffective in failing to (1) secure a plea agreement with the government; (2) object to the PSR's recommendation of an upward departure; (3) provide Flato with a copy of the Federal Rules of Criminal Procedure; and (4) investigate Flato's mental health issues and present them to the Court. *See* Dkt.

No. 2 at 3-4.

## II. LEGAL STANDARDS AND ANALYSIS

The Court reviews claims of ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To warrant post-conviction relief, a movant must show his attorney's performance fell below an objective standard of reasonableness, *see id.* at 687-88, and that he was prejudiced by that substandard performance, *see id.* at 687, 692.

To establish deficient performance, the movant must show that his counsel committed an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A movant must offer more than "conclusory allegations" of his counsel's ineffective assistance. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

To demonstrate prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Flato's first claim fails because he does not allege—and he cannot show—prejudice. He argues that he urged defense counsel to seek a plea agreement with

3

the government "because of [his] criminal history," but that defense counsel advised him against entering into the government's standard plea agreement because the Court rarely imposed a sentence above the advisory-Guideline range. *See* Dkt. No. 2 at 3.

Flato fails to allege that his counsel's advice prejudiced him in any way. To succeed on his claim under *Strickland*, Flato must at least allege facts that would, if true, entitle him to relief. *See Aeby v. United States*, 409 F.2d 1, 1 (5th Cir. 1969) ("The movant under section 2255 must allege specific facts which, if true, would constitute reversible error; otherwise, the district court must deny the motion to vacate."). His failure to even allege a single fact from which the Court could reasonably infer prejudice is fatal to his claim for relief. *See Strickland*, 466 U.S. at 687.

Moreover, Flato cannot show any prejudice stemming from his counsel's advice. Nothing in the government's standard plea agreement[1] would have required the Court to ignore Flato's lengthy criminal history. Indeed, as the government notes in its response, had Flato signed the standard plea agreement, he would have waived his right to an appeal and been required to pay restitution for all the relevant conduct attributed to him in the PSR, not just $1,056.00 of

---

[1] Flato does not allege that the government would have agreed to a plea with a stipulated sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), and there is nothing in the record to show that the Government would have offered such an agreement, or that the Court would have accepted it.

worthless checks as set out in the indictment. *See* Dkt. No. 6 at 8; *see also United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 46 at 4 (expressing "surprise" that the Court was precluded from ordering restitution). Yet, the Court would still have decided his punishment by considering the advisory Guideline range and the factors set out in 18 U.S.C. § 3553(a)—exactly the analysis the Court undertook when it varied from the Guidelines and imposed a sentence of 72 months' imprisonment. Thus, Flato cannot show that he was prejudiced by his counsel's advice to forgo entering the government's standard plea agreement.

Flato's second claim is contradicted by the record. Flato argues that his counsel failed to object to the PSR's recommendation of an upward variance, but the record shows counsel filed numerous objections to the PSR, and he explicitly "disagree[d] with the suggestion that an upward departure may be warranted." *United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 34 at 2. Because counsel did raise the exact issue about which Flato complains, Flato is not entitled to relief on his second claim.

Flato's third claim is too conclusory to warrant relief. He urges that his counsel was ineffective when he "failed to provide [Flato] with [the] Federal Rules of Criminal Procedure," and that counsel "made no effort to counter" the "detrimental effects" of the Rules because counsel "assumed [that the] sentencing Judge would not react in negative way affecting outcome of sentence." *See* Dkt. No. 2 at 4. Flato makes no attempt to explain how he would have benefited if only

5

counsel had provided him with a copy of the Federal Rules of Criminal Procedure, and his allegation that defense counsel "made no effort to counter effects" of the Rules of Criminal Procedure is conclusory. Flato fails to explain how the Federal Rules of Criminal Procedure impacted his sentence or what his counsel should have done to "counter" those impacts. Thus, the Court should reject his third claim.

In his fourth claim, Flato argues that his counsel was ineffective for failing to further investigate his mental health issues and present them to the Court. That claim also is belied by the record. Through counsel's objections to Flato's PSR, *see United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 34, and his arguments at sentencing, *see United States v. Flato*, No. 3:13-cr-358-M (1) (N.D. Tex.), Dkt. No. 46 at 5-10, Flato's counsel argued at length that the Court should impose a lower sentence in light of Flato's extensive history of post-traumatic stress, depression, and mental-health issues.

Moreover, to the extent that Flato is suggesting that counsel should have conducted a more-thorough investigation into his mental-health history, he fails to explain what such investigation might have unearthed, let alone how it would have impacted his criminal proceedings. To succeed on a challenge to his counsel's investigation into his case, Flato must "allege with specificity what [further] investigation would have revealed and how it would have altered the outcome" of the proceeding.  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir.

6

1989). Flato has done neither, so he is entitled to no relief on any claim that his counsel failed to conduct an adequate pre-plea investigation.

## III.  RECOMMENDATION

The Court should deny Flato's Section 2255 motion with prejudice as meritless.

SIGNED July 16, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).